ED J. FARRANT, Appellant, v. GLENN C. HAYNES, Warden, Appellee.

No. 45364.

OCTOBER 15, 1940.

J. W. Templeman, for appellant.

Francis J. Kuble and R. N. Johnson, Jr., for appellee.

MITCHELL, J.—Ed J. Farrant filed a petition in the district court of Lee county praying for a writ of habeas corpus alleging that he is restrained of his liberty and imprisoned in the state penitentiary in Fort Madison, Iowa, by Glenn C. Haynes, warden of the penitentiary. The lower court issued the writ

and then after a hearing dismissed the petition for the writ of habeas corpus and remanded Farrant to the custody of the warden. Farrant being dissatisfied has appealed.

Ed J. Farrant was indicted for murder under sections 12910 and 12911 of the Code of Iowa, 1931, by the grand jury of Polk county, Iowa, on December 29, 1932. On the 6th day of February, 1933, he entered a plea of guilty to murder in the first degree. He was at that time represented by an attorney. One of the contentions made at this time is that there was no evidence heard by the court to determine the degree of his guilt. This is just a little hard for us to understand, as the record shows that witnesses on his behalf testified and were examined by his attorney.

There is a motion to dismiss this appeal filed by the appellee. It alleges that the abstract of the record was never served on the appellee or his attorneys of record nor was anyone authorized to accept service, nor did anyone with authority accept service.

There is a resistance to the motion, attached to which is the affidavit of the attorney for the appellant. He swears that he went to the office of the county attorney of Lee county, Mr. Johnson of Fort Madison, Iowa, and that a Mr. Martin there accepted service. He does not swear that Mr. Martin had authority to accept service, nor does he swear that Mr. Martin was working in Mr. Johnson's office or was in any way connected with Mr. Johnson. Mr. Johnson in an affidavit swears that he did not accept service, nor did he authorize anyone to accept service for him, nor did anyone have authority to accept service. There is a similar affidavit by the county attorney of Polk county, Iowa, one of the attorneys of record. In view of the fact that there is no showing that the person accepting service had authority to accept service and in view of the fact that the affidavits of the county attorneys of Lee and Polk counties specifically deny that they accepted service or authorized anyone to accept service, it necessarily follows that the abstract was not served upon the defendant or his attorneys within the required time.

This being a criminal case we have looked over the record,

and find that the lower court was right in dismissing the writ.— Appeal dismissed.

CHIEF JUSTICE and all JUSTICES concur.